IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IVY HEMBRADOR, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 4:19-cv-03203-SRC |
| v. | ) ) ) ) |
| PRUGEN, LLC f/k/a PRUGEN, INC. et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT PRUGEN, LLC'S MOTION
TO COMPEL RESPONSES TO DISCOVERY**

Defendant PruGen, LLC ("PruGen"), by and through counsel and pursuant to Federal Rule of Civil Procedure 37 (a)(3)(B) and Local Rule 3.04, hereby moves this Court for an Order compelling Plaintiff to serve complete responses to Defendant PruGen's First Requests for Production of Documents as required by the Federal Rules of Civil Procedure. In support of said Motion, PruGen states as follows:

1. On March 23, 2020, PruGen served Plaintiff with Interrogatories and Requests for Production of Documents.

2. To date, despite a good faith attempt to resolve the issue of Plaintiff's delinquent discovery responses, Plaintiff has failed to serve complete answers and responses to PruGen's discovery requests.

3. Plaintiff's failure to adequately answer and respond to the aforementioned discovery has prejudiced PruGen's ability to adequately defend this lawsuit.

4. PruGen, LLC's counsel, David Morin, conferred by telephone with Plaintiff Ivy Hembrador's counsel, Matt Ghio, in a good faith effort to resolve this discovery dispute on Monday, August 5, 2020.

5. At the time of that telephone conference, counsel discussed a number of discovery responses which counsel for PruGen found to be incomplete and/or deficient.

6. The parties agreed that counsel for Plaintiff would supplement those discovery responses on or before Wednesday, August 12, 2020.

7. However, counsel for Plaintiff indicated that Plaintiff would not be producing a signed authorization allowing PruGen to obtain Plaintiff's employment records.

8. PruGen's Request for Production number 36(a) seeks Plaintiff to properly execute and return an Authorization for Release of Employment Records related to any employer of Plaintiff since August 1, 2017.

9. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of matter relevant

to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Darden v. AT&T Corp.*, 2015 Dist. LEXIS 109190, at *2-*3 (E.D. Missouri, August 19, 2015).

10.   In the present case, Plaintiff alleges that she has lost and continues to lose wages and other financial incidents and benefits of employment as a result of Defendants' actions. *See* Plaintiff's Complaint [Doc. #10] at ¶ 24.

11.   The court in *Darden* noted that because the plaintiff had alleged the loss of past and future earnings, information regarding her employment history was relevant to her claims. *Id.* at *6. *See also Lewis v. Temp-Air, Inc.*, 2014 U.S. Dist. LEXIS 151513, at *2 (E.D. Missouri October 27, 2014) ("I find that employment records for all of Lewis's employers subsequent to his termination by Temp-Air on December 20, 2011 are relevant to Temp-Air's defense of failure to mitigate damages. I will therefore compel Lewis to complete records release authorizations for these employers.").

12.   PruGen is also entitled to learn additional information concerning employment Plaintiff has held since August 1, 2017, including whether Plaintiff has been subject to disciplinary action, as well as the terms surrounding her separation from employment (as this is potentially relevant to Plaintiff's alleged damages). The request is sufficiently limited, as it only requests information since her last date of employment with PruGen.

13.   Further, Plaintiff has produced a total of sixty-two (62) pages of documents so far in this litigation. None of those documents include employment applications, which Plaintiff says she does not have.

14.   "Courts within this circuit have concluded that Fed.R.Civ.P. 34 provides for the execution of releases as an alternative means of obtaining production of documents that are not in the possession of the party to whom the request is directed but are under its control." *Flowers v. United States*, 2019 U.S. Dist. LEXIS 91487, at *6 (W.D. Missouri, April 18, 2019).

15.   Ultimately, Plaintiff provides limited information about her employment subsequent to August 1, 2017, but does not wish to provide authorizations so that the information can be obtained. This places the parties on unlevel ground in this litigation.

16.   PruGen submits this Motion to Compel in order to compel Plaintiff to produce an employment authorization, as counsel for Plaintiff has stated that Plaintiff will not provide the same voluntarily.

17.   By submitting this Motion to Compel, Defendant is not waiving its right to submit a subsequent Motion to Compel should Plaintiff's supplemental discovery responses continue to be deficient.

18.   Counsel for PruGen, LLC, David Morin, certifies that he and Matt Ghio, counsel for Plaintiff Ivy Hembrador, have met and conferred to discuss this discovery dispute.

19.   WHEREFORE, Defendant PruGen, LLC requests this Court enter an Order compelling Plaintiff to provide PruGen the signed employment authorization within five (5) days, for Defendant's costs associated with drafting this Motion to Compel, and for any further relief this Court believes is required.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ David W. Morin
Adam D. Hirtz, #48448MO
David W. Morin, #61590MO
222 South Central Avenue, Suite 900
Clayton, Missouri 63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
david.morin@jacksonlewis.com


*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2020, a true and correct copy of the foregoing document was served via the CM/ECF system upon the following:

Matthew J. Ghio, Esq.
Ghio Law Firm, LLC
3115 S. Grand, Suite 100
St. Louis, Missouri 63115
Telephone:  (314) 707-5853
matt@ghioemploymentlaw.com

/s/ David W. Morin

4843-9460-9607, v. 1