**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IVY HEMBRADOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PRUGEN, LLC, )<br>)<br>Respondent, ) | No. 4:19-cv-03203 SRC |

**<u>Order</u>**

At the February 20, 2020 Rule 16 conference, the Court stated to the attorneys that it does not modify Case Management Orders except upon a showing of exceptional circumstances. The Court amplified that by explaining that the Court does not consider ordinary discovery delays or "we just didn't get discovery done by deadline" to be exceptional circumstances; instead, the Court explained, exceptional circumstances include situations such as the incapacitation of a party. The Court's CMO accordingly states that the Court will modify it "only upon a showing of exceptional circumstances." Doc. 20 at 1. The Court further explained that under Rule 29 of the Federal Rules of Civil Procedure, the parties may stipulate—without Court intervention or approval—to extend certain discovery deadlines, but that neither Rule 29 nor the Court authorizes the parties to extend the discovery-completion deadline.

Here, the parties jointly move for modification of the CMO on the grounds that "a number of discovery issues [are] outstanding in this case" caused by what appear to be delays solely of the parties' own doing. Doc. 38 at 1. The parties explain that "Plaintiff has depositions that remain to be taken pursuant to the parties' agreement that Plaintiff would be deposed before Defendant's witnesses." *Id*. at 2. The parties make no effort to show diligence in discovery, explain how these

seemingly ordinary discovery delays are anything other than "we just didn't get discovery done by deadline;" they likewise do not attempt to show how their private agreement, which the Court notes apparently has caused depositions to be deferred since discovery began eight months ago, somehow binds or should influence the Court.  Doc. 38.

Additionally, at the Rule 16 conference, the Court explained (as it routinely does) that it intends to manage the case proactively rather than reactively, and expects the attorneys to do the same.  Instead of alerting the Court to potential discovery delays with sufficient time for proactive case management, the parties filed their joint motion to amend the CMO just one business day before the close of discovery.

Because the parties have failed to show exceptional circumstances, the Court denies the motion [38] to amend the CMO.  Any discovery the parties conduct after the October 12, 2020 close of discovery may be done (if at all) by mutual agreement of the parties, but the Court will not amend the CMO or grant extensions of filing or briefing deadlines.

Dated this 19th day of October, 2020.

_SL R. CR_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE